UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY MEANS                                      CIVIL ACTION

VERSUS                                             NUMBER: 06-5703

LT. RONNIE SEAL, ET AL.                            SECTION: "N"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Gregory Means, against defendants, various correctional officers from the Washington Correctional Institute ("WCI", now known as the Rayburn Correctional Center, Angie, Louisiana). Plaintiff, an inmate of WCI at the time that suit was filed, complained of being attacked by another inmate and by prison guards on a number of occasions. (Rec. docs. 3, 7, 113).

Throughout the long and tortuous course of this proceeding plaintiff was appointed counsel on no less than two occasions and he was also represented by retained counsel for a period of time. (See rec. docs. 14, 87, 26). Ultimately, the second of plaintiff's

court-appointed attorneys moved and was allowed to withdraw from this matter due to the financial expense associated with her representation of plaintiff and for other reasons making her continued representation unreasonably difficult. (Rec. docs. 145, 151).

Given the repeated withdrawals of plaintiff's attorneys, particularly the court-appointed attorneys, and upon learning that he was scheduled to be released from prison, the Court administratively closed this matter without prejudice to plaintiff's right to move to re-open same within sixty days following his release from incarceration to afford him time to retain private counsel. (Rec. doc. 152). That order specifically cautioned plaintiff that his failure to move to re-open this matter within sixty days following his release would result in the case being dismissed with prejudice for failure to prosecute. (Id. at p. 2). A copy of that order was mailed to plaintiff at his then address of record, the Elayn Hunt Correctional Center ("EHCC"), and has not been returned as undeliverable. The Court was subsequently advised by counsel for defendants that plaintiff had been released from EHCC on December 16, 2011. (Rec. doc. 158). It has now been over sixty days since plaintiff was released from prison but no motion to re-open has been forthcoming from him. Plaintiff has also failed to keep the Court apprised of his current mailing

address as he is required to do.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order. Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or the failure to comply with the court's orders. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). In addition, Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." The foregoing Local Rule imposes an affirmative obligation on the parties to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. See Lewis v. Hardy, 248 Fed.Appx. 589, 593 n.1 (5th Cir. 2007), cert. denied, 552 U.S. 1246, 128 S.Ct. 1479 (2008); Thomas v. Parker, 2008 WL 782547 (E.D. La. March 19, 2008); Batiste v. Gusman, 2007 WL 1852026 (E.D. La. June 26, 2007). The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between

the clerk and the parties or their counsel will be conducted principally by mail."[1]/ Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table).

As noted above, plaintiff has failed to move to re-open this matter within sixty days of his release from EHCC as was ordered by the Court. He has also failed to keep the Court apprised of his current mailing address. Plaintiff acknowledged his obligation in that regard when he signed his complaint, the third page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." (Rec. doc. 3, p. 3). The Court must therefore assume that plaintiff has no further interest in prosecuting this case. As plaintiff is currently proceeding pro se in this matter, these failures are attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed

---

[1]/ While the vast majority of information between the Court and litigants is now transmitted electronically via the CM/ECF system, communications between the Court and pro se prisoners are still conducted primarily by mail.

4

findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  22nd  day of   February  , 2012.

                                              *Alma L. Chasez*
                                                ALMA L. CHASEZ
                                    UNITED STATES MAGISTRATE JUDGE